UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JESS RICHARD SMITH,<br><br>            Petitioner,<br><br>  v.<br><br>JEFFREY UTTECHT,<br><br>            Respondent. | CASE NO. 2:21-cv-00556-RSM-BAT<br><br>**REPORT AND RECOMMENDATION** |

Before the Court is Petitioner's second federal habeas petition challenging his convictions for One Count of First-Degree Felony Murder and one Count of First-Degree Manslaughter in King County Superior Court case number 00-1-05900-7-KNT. Dkt. 8. Petitioner's first federal habeas petition challenging these convictions was dismissed in April 2015 as untimely. *See Smith v. Obenland,* 14-517-BJR. The Court of Appeals for the Ninth Circuit denied issuance of a certificate of appealability in that matter. *Id.* On April 27, 2021, Petitioner submitted this second untimely federal habeas petition without first obtaining permission from the Court of Appeals for the Ninth Circuit to file it.

Because the present habeas petition is untimely and second or successive, the Court cannot grant relief in this case. Because the former defect, the filing of an untimely petition, is

REPORT AND RECOMMENDATION - 1

fatal the Court recommends the petition be dismissed with prejudice. If this recommendation is adopted, the Court further recommends issuance of a certificate of appealability be denied.

The Court further recommends dismissing the case now rather than permitting leave to amend to the petition. No amendment will alter the fact the present petition is untimely, and that the habeas statute of limitations is not tolled by any statutory or equitable exception. Additionally, because this is a report and recommendation, Petitioner will be granted 14 days to object to this recommendation and to provide the assigned District Judge with any argumentation as to why the petition should not be dismissed as untimely.

## DISCUSSION

This is the second habeas petition Petitioner has filed in this Court challenging his King County Convictions in case number 00-1-05900-7-KNT. Petitioner filed his first habeas petition on April 8, 2014. *See Smith v. Obenland*, 14-517-BJR. The Honorable Barbara Rothstein found the first habeas petition raised five grounds for relief: prosecutorial vindictiveness, failure to provide self-defense instructions, violation of speedy trial rights, denial of state habeas, defective charging document, Brady violation and violation of due process. Dkt. 34 at 1.

Judge Rothstein found Petitioner's King County judgment became final on April 14, 2010, for purposes of calculating the federal habeas statute of limitations, and the federal habeas statute of limitations expired on March 29, 2013. *Id.* at 6. Judge Rothstein concluded because Petitioner filed his habeas petition in April 2014, it was untimely, and because there were no equitable or other grounds to toll the habeas statute of limitations, the petition should be dismissed as time-barred. Judge Rothstein denied issuance of a certificate of appealability. Petitioner appealed and the Court of Appeals for the Ninth Circuit also denied issuance of appealability and closed the appeal.

REPORT AND RECOMMENDATION - 2

In the present habeas petition, Petitioner challenges the same King County convictions raising one ground for relief: "The State punished Smith twice for the same offense after Guilty Pleas Conviction." Dkt. 1 and Dkt. 8 at 5. The habeas petition also contends "this is a timely habeas corpus attacking new double jeopardy errors that are not procedurally defaulted in state court. This habeas is new and not second or successive under § 2244(a)."

A District Judge of this Court has already found the first habeas petition Petitioner filed in 2014 challenging his King County convictions was untimely and dismissed it as such. Hence, unless Petitioner's present habeas petition presents a claim that falls within an exception to the statute of limitations, it likewise is untimely and should be dismissed as time-barred. Section 28 U.S.C. § 2244(d)(1) imposes a one-year statute of limitations to applications for a writ of habeas corpus. The one-year limitation is subject to three statutory exceptions: (1) Petitioner could not timely file the petition due to an impediment created by the state; (2) the Supreme Court created a newly recognized constitutional right that is retroactive to cases on collateral review; or (3) the untimely petition raises a claim that is based upon facts which could not have been discovered earlier through due diligence. *See id.* at § 2244(d)(1)(B)(C) and (D).

None of these exceptions apply here. This is made clear by the exhibits Petitioner attached in support of the present habeas petition. Exhibit B is a copy of the order of dismissal issued by the Washington Court of Appeals in August 2020. *See* Dkt. 8. The Court of Appeals' order indicates in 2001 Petitioner pled guilty to one count of felony murder in the second degree predicated on second degree assault. On appeal, the matter was remanded to vacate and allow Petitioner to withdraw his plea in view of the *Andress* decision which held second degree assault may not serve as a predicate crime for felony murder. After the felony murder conviction was vacated, the state charged Petitioner alternatively with first degree felony murder predicated

REPORT AND RECOMMENDATION - 3

upon kidnapping or robbery and second-degree intentional murder. In 2006, the jury convicted Petitioner of first-degree felony murder and the lesser included offense of first-degree manslaughter; the trial judge imposed sentences for both offenses. Petitioner appealed the convictions arguing, *inter alia*, the two sentences violated double jeopardy. In 2010 the Washington Court of Appeals directed the manslaughter conviction be vacated.

In 2010, Petitioner also filed a Washington CrR 7.8 motion in the King County Superior Court which was transferred to the Washington Court of Appeals for consideration as a personal restraint petition (PRP). Petitioner argued the CrR 7.8 motion should not have been transferred and his first-degree murder conviction violates double jeopardy. "Specifically, Smith argued that 'because he never moved to withdraw his plea to the original second degree felony murder charge, that conviction was final and the State violated double jeopardy when it retried him for the greater charge—first degree felony murder—for the same offense." *See* Dkt. 8, Exhibit B at 19. In 2011, Petitioner filed another PRP in the state courts arguing "his constitutional rights were violated when the state was allowed to charge a higher degree after vacation of his 2001 guilty pleas and/or his conviction for first degree murder violates double jeopardy." *Id.*

Petitioner's contention the present petition is "is a timely habeas corpus attacking new double jeopardy errors" therefore is belied by the proceedings in this case. Petitioner raised double jeopardy claims in the state courts a decade ago and on more than one occasion. The present petition again raises a double jeopardy claim, a claim that Petitioner knew about and in fact raised in the state courts 10 years ago. Petitioner's Exhibit A in support of the habeas petition states in 2006, that Petitioner, after his felony murder conviction was vacated under *Andress,* objected to being re-charged with first degree felony murder and second-degree murder. Dkt. 8, Ex. A at 7. Petitioner further states in Exhibit A that in October 2010, he filed a "7.8 motion,"

REPORT AND RECOMMENDATION - 4

arguing the "amendment of Smith's original 2001 guilty plea conviction, violates double jeopardy." *Id.* at 8.

Exhibit A appears to be Petitioner's argument in support of review in the state courts. It argues in a PRP Petitioner filed in 2020 that his challenges in the state court's regarding his double jeopardy claim is timely, an argument the State Court of Appeals and the Washington Supreme Court rejected, *see* Exhibit B to habeas petition. The Court notes Petitioner's arguments about the timeliness of his 2020 state PRP does not affect the timeliness of the present federal habeas petition. This is because, a District Judge of this Court has already found the first federal habeas petition Petitioner filed in 2014 was untimely, and because Petitioner knew about the present double jeopardy claims in 2006 and 2010. The procedural history of this case thus lays bare the fact that Petitioner could have, but failed to, file a timely federal habeas petition raising the present grounds for relief.

The Court also finds the present double jeopardy claim is not based upon new Supreme Court law establishing a new constitutional right made retroactive to cases on collateral review and is a claim that is based upon facts well known to Petitioner a decade ago. As noted above, Petitioner knew of and in fact raised double jeopardy claims in the state courts in 2006 and 2010. In seeking relief in the state courts, Petitioner cited to *Green v. United* States, 355 U.S. 184 (1961) which is not new Supreme Court law establishing a new constitutional right available in a federal habeas petition. *See* Exhibit A at 12. Accordingly, because none of the exceptions to the statute of limitations set forth in § 2244(d)(1)(B)(C) and (D) apply to the present petition the petition is untimely.

And finally, the Court finds because Petitioner knew about the double jeopardy claim and in fact raised double jeopardy claims on two occasions in the state courts a decade ago, there is

REPORT AND RECOMMENDATION - 5

no basis to equitably toll the federal statute of limitations. *See Holland v. Florida,* 560 U.S. 631, 634 (2010) (petitioner seeking equitable tolling must establish (1) he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing). Because Petitioner could have presented a double jeopardy claim in a federal habeas corpus petition many years ago but did not, the habeas statute of limitations is not subject to equitable tolling and the present habeas petition is time-barred.

The Court accordingly recommends the present habeas petition be dismissed with prejudice on the grounds that it was filed outside the statute of limitations and is untimely.

## CERTIFICATE OF APPEALABILITY

A petitioner seeking relief under § 2254 may appeal a district court's dismissal of his federal habeas petition only after obtaining a certificate of appealability (COA) from a district or circuit judge. A certificate of appealability may issue only where a petitioner has made "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(3). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Under this standard, the Court concludes petitioner is not entitled to a certificate of appealability in this matter.

## OBJECTIONS AND APPEAL

This Report and Recommendation is not an appealable order. Therefore, Petitioner should not file a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit until the assigned District Judge enters a judgment in the case.

REPORT AND RECOMMENDATION - 6

Objections, limited to 10 pages, however, may be filed no later than **June 1, 2021.** The Clerk shall note the matter for **June 4, 2021**, as ready for the District Judge's consideration. The failure to timely object may affect the right to appeal.

DATED this 17th day of May 2021.

_____
BRIAN A. TSUCHIDA
Chief United States Magistrate Judge