UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JESS RICHARD SMITH,<br><br>Petitioner,<br><br>v.<br><br>JEFFREY UTTECHT,<br><br>Respondent. | CASE NO. C21-556-RSM<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING ACTION |

I.   INTRODUCTION

This matter comes before the Court on the Report and Recommendation ("R & R") of the Honorable Brian A. Tsuchida, United States Magistrate Judge. Dkt. #9. The Court has reviewed Petitioner Smith's habeas petition, the R & R, Petitioner's objections thereto, and the remaining record. For the reasons stated below, the Court ADOPTS the R & R and DISMISSES this case with prejudice on the basis that Petitioner's habeas petition is untimely.

//

//

ORDER ADOPTING REPORT AND
RECOMMENDATION AND DISMISSING
ACTION
PAGE - 1

## II.  BACKGROUND

The Court adopts the relevant factual background set forth in the R & R. *See* Dkt. #9. Petitioner Smith, proceeding pro se and in forma pauperis ("IFP") in this action, is a state prisoner currently confined at the Coyote Ridge Corrections Center in Connell, Washington. Petitioner seeks relief from his 2006 King County Superior Court convictions by jury verdict for first-degree felony murder and first-degree manslaughter under 28 U.S.C. § 2254. Dkt. #8 at 1. Petitioner raises one ground for relief: "the state punished Smith twice for the same offense after guilty plea conviction." *Id.* at 5.

In 2001, Petitioner pled guilty to one count of felony murder in the second degree predicated on second degree assault. The Washington State Court of Appeals reversed Petitioner's felony murder conviction in light of *In re Pers. Restraint of Andress*, 56 P.3d 981 (Wash. 2002) and *In re Pers. Restraint of Hinton*, 100 P.3d 801 (Wash. 2004), which held that assault could not be a predicate felony for a second degree murder conviction. *See State v. Smith*, No, 48449-4-I, 125 Wash. App. 1026 (Wash. Ct. App. Jan. 31, 2005). In August 2006, a jury found Petitioner guilty in separate verdicts of felony murder in the first degree and manslaughter in the first degree.

On April 8, 2014, Petitioner filed his first habeas petition challenging his 2006 conviction. *See Smith v. Obenland,* Case No. 14-517-BJR. The Honorable Barbara Rothstein, United States District Judge, dismissed that petition as untimely on April 1, 2015. *See id.*, Dkt. #34. In that decision, Judge Rothstein concluded that Petitioner's conviction became final on April 14, 2010 when the mandate was issued in the direct appeal of the 2006 judgment and sentence. *Id.* at 6. Petitioner's motion to vacate, transferred to the Washington Court of Appeals to be treated as a personal restraint petition ("PRP"), tolled the statute of limitations from October 18, 2010 until

July 3, 2012 when the Washington Court of Appeals dismissed the petition on Petitioner's own motion. *Id.* The one-year statute of limitations period under 28 U.S.C. § 2244(d)(1) therefore began to run again and expired on March 29, 2013. Judge Rothstein concluded that Petitioner filed his petition on April 8, 2014, more than one year after the tolling date, and failed to demonstrate extraordinary circumstances warranting equitable tolling. *Id.* at 6-9. Petitioner appealed to the U.S. Court of Appeals for the Ninth Circuit, and the Ninth Circuit denied issuance of appealability and closed the appeal. *Id.*, Dkt. #45.

Petitioner filed the instant petition on April 27, 2021. Dkt. #1. He claims it is timely and not secondary or successive because it attacks new double jeopardy errors that "are not procedurally defaulted in state court." Dkt. #8 at 13-14. In the R & R, Judge Tsuchida determined that the petition was barred by the one-year statute of limitations under 28 U.S.C. § 2244(d) and that none of the three statutory exceptions to the limitations period apply. Dkt. #9. He therefore recommended that the petition be denied with prejudice. *Id*. Petitioner timely filed Objections to the R & R. Dkt. #10.

### III.   DISCUSSION

**A. Legal Standard**

A district court has jurisdiction to review a Magistrate Judge's report and recommendation on dispositive matters. *See* Fed. R. Civ. P. 72(b). "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." *Id*. "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The Court reviews de novo those portions of

ORDER ADOPTING REPORT AND
RECOMMENDATION AND DISMISSING
ACTION
PAGE - 3

the report and recommendation to which specific written objection is made. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).

### B. Petitioner's Objections

Petitioner's Objections state that his petition attacks a new judgment from his remand proceedings following his second direct appeal. Dkt. #10 ("Smith's double jeopardy claim attacks a 'new' judgment, stemming from his 2010 Resentencing hearing upon remand of his 'second direct appeal' in *State v. Smith*, 2009 Wn. App. LEXIS 218 (2009)."). He argues that the R & R erred in finding that he already raised his double jeopardy claim in a prior PRP because that PRP was dismissed as a "mixed petition." Dkt. #10 at 5 (citing *Smith v. Washington*, 135 S. Ct. 1720 (2015)). For that reason, Petitioner argues, the Magistrate Judge erred in applying the "second and successive petition" denial standard as opposed to the "new judgment" standard set forth in *Magwood v. Patterson*, 561 U.S. 320 (2010) and *U.S. v. Scott*, 124 F.3d 1328 (10th Cir. 1997). *Id.* He also objects that his petition was not served on or answered by Respondent Uttecht. *Id.* at 2.

Petitioner's Objections do not demonstrate error in the conclusion of the R & R that his petition is time-barred under 28 U.S.C. § 2244(d), which sets forth a one-year limitation period from the date on which the judgment became final by the conclusion of direct review or expiration of time for seeking such review. 28 U.S.C. § 2244(d)(1)(A). *Magwood* and *Scott* both addressed instances where the petitioner was resentenced, thus leading to a new judgment. *See Magwood*, 561 U.S. 320; *Scott*, 124 F.3d 1328. Here, in contrast, Petitioner was not resentenced such that a new, appealable judgment was entered.

ORDER ADOPTING REPORT AND
RECOMMENDATION AND DISMISSING
ACTION
PAGE - 4

Petitioner appears to argue that the state trial court's order dated October 21, 2010, which vacated his manslaughter conviction, constitutes a "new" judgment. *See* Dkt. #10 at 1, 4. The Washington Court of Appeals considered whether this order constituted a resentencing and found that the vacatur of his manslaughter conviction "did not constitute resentencing because the trial court did not exercise independent judgment, or review, or rule on any issue as to the felony murder conviction." *Smith v. Obenland,* Case No. 14-517-BJR, Dkt. #34 at 4. Petitioner raised a similar argument again before Judge Rothstein, claiming that his first habeas petition was timely since the judgment did not become final until October 21, 2010. *See id.* at 6-7. Judge Rothstein concluded that the October 21, 2010 vacatur was not an appealable judgment but "merely mirrored the decision by the Court of Appeals on direct appeal, and the trial court had no discretion to do anything else." *Id.* at 7. Consequently, she concluded that Petitioner's conviction became final on April 14, 2010 when the mandate was issued in the direct appeal of the 2006 judgment and sentence. *Id.* Taking into account Petitioner's direct appeals and personal restraint petitions, Judge Rothstein determined that the statute of limitations for seeking federal habeas review of Petitioner's 2006 convictions expired on March 29, 2013. *Id.* at 6.

Nothing in Petitioner's Objections explains why the 2010 order—contrary to the conclusions of two different courts—amounts to a "new" judgment for purposes of calculating the 1-year limitations period. Accordingly, given Judge Rothstein's previous determination that Petitioner's April 2014 petition was untimely, the present habeas petition challenging the same King County convictions is likewise untimely. The R & R properly recommended dismissal of Petitioner's claims as time-barred.

//

ORDER ADOPTING REPORT AND
RECOMMENDATION AND DISMISSING
ACTION
PAGE - 5

### C. Certificate of Appealability

Petitioner made no objection as to the R & R's recommendation to deny issuance of a certificate of appealability ("COA"). Accordingly, having reviewed the record and the R & R, the Court adopts the R & R's conclusion that Petitioner has failed to demonstrate that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Dkt. #9 at 6 (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003)).

### IV.   CONCLUSION

Accordingly, having reviewed Petitioner's habeas petition, the Report and Recommendation of Judge Tsuchida, Petitioner's Objections, and the remainder of the record, the Court hereby finds and ORDERS:

(1) The Report and Recommendation, Dkt. #9, is APPROVED and ADOPTED.

(2) The habeas petition is dismissed with prejudice and issuance of a certificate of appealability is denied.

(3) The Clerk shall send a copy of this Order to the parties and to the Honorable Brian A. Tsuchida.

DATED this 27th day of July, 2021.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE